IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

S))))))))))))))Q
No. 95-60084
Summary Calendar
S))))))))))))))Q

CARL LEE STOKES,

Plaintiff-Appellant,

versus

NATCHEZ POLICE DEPARTMENT and
ROOSEVELT OWENS,

Defendants-Appellees.

S))))))))))))))))))))))))Q
Appeal from the United States District Court for the
Southern District of Mississippi
(93 CV 251)
S))))))))))))))))))))))))Q
August 16, 1995

Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Carl Lee Stokes (Stokes), a pre-trial detainee in the Adams County, Mississippi, jail, filed this suit under 42 U.S.C. § 1983 *in forma pauperis* against Natchez, Mississippi, Police Detective Owens, alleging that after he was arrested July 15, 1994, Owens, in Owens' office and in the presence

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

of other detectives, threatened Stokes with violence, and approached Stokes with his (Owens') fist "balled," "because plaintiff would not say or admit to the false charges the defendant has placed against plaintiff." Stokes alleged he feared for his life, and smelled alcohol on Owens.[1] Without holding a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), the district court, on January 26, 1995, dismissed the suit *without* prejudice under 28 U.S.C. § 1915(d). Stokes appeals. We affirm.

Accepting all the allegations of the complaint as true, it does not have an arguable basis in law. A mere verbal threat of striking with the fists, made in the presence of other officers at a detective's office, does not amount to a constitutional violation. *See Jackson v. Culbertson*, 984 F.2d 699, 710 (5th Cir. 1993); *Lynch v. Cannatella*, 810 F.2d 1363, 1376 (5th Cir. 1987). There is no allegation that Stokes was ever even touched (nor does Stokes so assert on appeal). Indeed, in one of his filings below Stokes alleged that Owens continued "using very violent, threatening and profane words, until detective Dawson said no we better not beat him (plaintiff), cause he (plaintiff) seems to be the type that will file a lawsuit." There is no allegation that Stokes ever made any confession or admission in response to Owens' threats (nor does Stokes so assert on appeal).

Under the circumstances, there was no need for a *Spears* hearing, particularly as the dismissal was without prejudice and the limitations period, *see James v. Sadler*, 909 F.2d 834, 836 (5th

---

[1] Arguably, the Natchez Police Department was also sued, but no separate allegations were made as to it.

2

Cir. 1990), had not run.

On appeal Stokes raises for the first time several allegationsSQsuch as that he was subjected to excessive bail and not taken promptly before a magistrateSQwhich are not even remotely suggested by the complaint.  As they were not raised below, we will not consider them.

The judgment below is

AFFIRMED.

3